## CUNNINGHAM v. McGOWAN ET AL.

1. **Promissory Note:** PAYMENT BY NEW NOTE: EVIDENCE ON APPEAL. As there was evidence (see opinion) which raised a presumption that the notes sued on had been paid by the giving of new notes, *held* that the finding of the trial court in accord with such presumption could not be set aside on appeal.

*Appeal from Madison Circuit Court.*

THURSDAY, MARCH 17.

ACTION on two promissory notes. The answer admits the execution of the notes, and pleads payment. The cause was

tried to the court without the intervention of a jury, and judgment was entered for the defendants. Plaintiff appeals.

*Ruby & Wilkin*, for appellant.

*T. C. Gilpin*, for appellees.

REED, J.—One of the notes sued on was executed in 1874, and was made payable to plaintiff or bearer. The other was executed in 1877, and was payable to plaintiff or order. The defense pleaded in the answer is that in 1879, after the maturity of these notes, the defendant McGowan, who is the principal maker, executed to plaintiff two other notes for $1,000 each, which he secured by chattel mortgage, and which he subsequently paid, and that part of the consideration of those notes was the indebtedness evidenced by the notes in suit.

The only question in the case is whether the finding of the circuit court, that this defense was established, is sustained by the evidence. The evidence shows, without any conflict, that the notes which were executed in 1879 were given in settlement of a pre-existing indebtedness. But it was not shown by any direct or positive evidence just what matters were covered by the settlement. It was also proven that, after the payment of those notes, defendant McGowan instituted an action in equity for their cancellation. In that action he alleged that he had made a number of payments in cash on the notes; also that he had made a number of sales of stock to plaintiff, the price of which should be credited on the notes, and that he had sold him a farm for $3,680, and that it was agreed between the parties that so much of said amount as should be necessary for the extinguishment of the debt evidenced by the notes should be applied thereon, and the balance should be paid in cash, and the notes surrendered. Plaintiff pleaded a counter-claim in the action, in which he claimed to recover on certain promissory notes executed by defendant after 1879. He was also required to,

and did, set out in his answer all the notes he then claimed to hold against defendant. But neither the answer nor the counter-claim made any reference to the notes in suit. The notes sued on have not been produced in this court for our inspection, but it has not been claimed in argument that either of them bears any evidence of having been negotiated by plaintiff, and there was no evidence that either of them was ever out of his possession.

On this state of the evidence it cannot be said that the finding of the circuit court is without support. The facts proven tend to support the defense pleaded in the answer. The reasonable presumption, from the facts that the notes executed in 1879 were given for a pre-existing indebtedness, and that plaintiff made no claim upon them in the equity action, is that they were included in the settlement, and that plaintiff did not set them up in his counter-claim, for the reason that they had been satisfied. If he was not then the owner of them, that was a fact peculiarly within his knowledge, and he should have proven it. The case in this court, however, is governed by the well-settled rule that the verdict of a jury, or the finding of the trial court on a question of fact in an ordinary action, will be disturbed only when it is clearly without support in the evidence.

AFFIRMED.